**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10421 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-173-EJG-EJG |
| v. | MEMORANDUM[*] |
| RALPH WILLIAM ADAMSON, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, Senior District Judge, Presiding

Argued and Submitted October 5, 2010
San Francisco, California

Before: KLEINFELD and GRABER, Circuit Judges, and MOLLOY, District
Judge.[**]

Defendant Ralph Adamson appeals his prison sentence of 78 months

following his guilty plea to one count of possessing child pornography, in violation

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

of 18 U.S.C. § 2252(a)(4)(B). Adamson possessed 53 images of child pornography depicting known child victims, roughly 6,000 images characterized by the probation officer in the presentence report as "suspected pre-teen and teen child pornography and child erotica," and more than 9,000 composite sexual images created by Adamson using photo manipulation software. The composite images consist of faces of identifiable children electronically cut and pasted onto adult models in scenes depicting sexually explicit activity.

The presentence investigation report recommended an adjusted offense level of 31, including a five-level increase under U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved 600 or more images. Adamson objected, arguing that the composite images do not meet the definition of child pornography. He also objected to including in the image count the undoctored images, contending that a lay person would not find that such images are of minors. The record suggests that no one at the sentencing hearing looked at the images. Without viewing the images or hearing testimony, the district court ruled that the 9,000-plus composite images qualified as child pornography under 18 U.S.C. § 2256(8)(C), and then applied the five-level increase because there were 600 or more images. The district court, on the record, did not determine whether any of the 6,000 or so undoctored images also constitute child pornography.

2

Adamson insists that the sentencing court erred in applying the five-level increase because it either misapplied 18 U.S.C. § 2256(8)(C) or, in the alternative, that the statute violates the First Amendment. Neither issue is ripe because it is unclear whether the district court resolved the disputed issues of fact, as required, at sentencing. *See* Fed. R. Crim. P. 32(i)(3)(B). Moreover, to the extent that the court did make factual findings, the findings are not reviewable because the sentencing judge apparently did not view any of the disputed images, so the findings are not supported by the record.

We vacate and remand for the district court to make a factual determination on whether the disputed undoctored images include a sufficient number of child pornography images to warrant the five-level increase under U.S.S.G. § 2G2.2(b)(7)(D). If they do not, the district court shall then make a factual determination on whether any of the composite images are child pornography. If so, the district court shall determine whether they include a sufficient number of images to warrant the five-level increase. The court need not view any images if both parties concede that the number is within a particular Guideline or if the parties stipulate to the number that should be counted as child pornography.

**VACATED and REMANDED.**